UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RONALD BUZZARD, JR., | ) | CASE NO. C06-1653-JLR-MAT |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER RE: PENDING MOTIONS |
| | ) | |
| DARREN SWENSON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The Court previously requested that petitioner submit a concise statement of facts and law supporting his 28 U.S.C. § 2254 habeas corpus petition. (Dkt. 14.) Petitioner submitted a number of motions in response. (*See* Dkts. 16-20.) Having considered those motions, the Court hereby finds and rules as follows:

(1)     Petitioner requests an order directing the transcription of the record in his underlying criminal case and an order compelling discovery, which the Court construes as a motion for discovery. (Dkt. 20.) Rule 6(a) of the Rules Governing Section 2254 Cases provides that: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and

ORDER RE: PENDING MOTIONS
PAGE -1

for good cause shown grants leave to do so, but not otherwise." To show good cause, petitioner must set forth specific facts showing discovery is appropriate. *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994) (citing *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987)). In this case, the Court finds petitioner's request for discovery premature. Petitioner does not establish that he cannot provide the facts necessary to put respondent on notice as to the factual and legal basis for his claims. Petitioner's motion for discovery (Dkt. 20) is therefore DENIED. If necessary, petitioner may renew this motion following receipt of respondent's answer and the relevant state court record.

(2) Petitioner submitted a motion to file an overlength brief in association with his request for discovery. (Dkt. 19.) Finding this request reasonable, the Court hereby GRANTS petitioner's motion to file an overlength brief.

(3) Petitioner also filed a motion seeking a stay on the deadline for filing a brief of facts (Dkt. 16) and a motion for an extension of time to file a brief of facts and amended habeas petition (Dkt. 17), which the Court construes together as a single motion for an extension of time. Because the Court finds petitioner's discovery request premature, it finds no basis for indefinitely delaying the deadline for the submission of a brief of facts in support of petitioner's habeas petition. However, because respondent requires additional information in order to adequately respond to petitioner's petition, the Court finds an extension of the filing deadline for a brief of facts appropriate. As such, petitioner's motion for an extension of time (Dkts. 16 & 17) is GRANTED. Petitioner shall submit a concise statement of facts and law supporting his § 2254 habeas corpus petition within **thirty (30) days** of the date of this Order.

(4) Petitioner's motion for appointment of counsel (Dkt. 18) is DENIED. There is no

right to have counsel appointed in cases brought under § 2254 unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A. Here, petitioner fails to demonstrate that the interests of justice are best served by appointment of counsel at the present time.

(5) The Clerk shall direct copies of this Order to petitioner, to counsel for respondent, and to the Honorable James L. Robart.

DATED this 6th day of March, 2007.

Mary Alice Theiler
United States Magistrate Judge