01

02

03

04

05

06

07

08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09

RONALD BUZZARD, JR.,                    )      CASE NO. C06-1653-JLR-MAT
                                        )
10          Petitioner,                 )
                                        )
11          v.                          )      REPORT AND RECOMMENDATION
                                        )
12   DARREN SWENSON,                    )
                                        )
13          Respondent.                 )
     _____   )

14

INTRODUCTION AND SUMMARY CONCLUSION

15

16

        Petitioner proceeds *pro se* and *in forma pauperis* in this  28 U.S.C. § 2254 habeas corpus

proceeding.  Respondent seeks dismissal of petitioner's amended habeas petition as untimely filed.

17

(Dkt. 41.)  For the reasons described below, the undersigned agrees that this case should be

18

dismissed.

19

        Petitioner submitted a  § 2254  habeas petition in November 2006.  (Dkt. 4.)  In January

20

2007, respondent filed a motion for an order to clarify petitioner's claims.  (Dkt. 9.)  By Order

21

dated February 5, 2007, the Court agreed that petitioner had yet to submit any factual or legal

22

REPORT &
RECOMMENDATION
PAGE -1

01 support for his claims, and gave petitioner thirty days to submit a concise statement of facts and

02 law supporting his petition. (Dkt. 14.) Petitioner submitted a number of motions in response,

03 including, *inter alia*, requests for discovery and for an extension of time to submit the statement

04 of facts and law. (*See* Dkts. 16-20.) By Order dated March 6, 2007, the Court denied petitioner's

05 request for discovery, but granted him an additional thirty days to submit the previously requested

06 statement. (Dkt. 21.) Petitioner thereafter unsuccessfully sought reconsideration of the order

07 denying his request for discovery (*see* Dkts. 23 & 25) and to file an interlocutory appeal and stay

08 these proceedings (*see* Dkts. 28 & 29, 33 & 34). By Order dated May 3, 2007, the Court granted

09 petitioner a third and final opportunity to submit a concise statement of facts and law supporting

10 his § 2254 petition. (Dkt. 34.) The Court ordered petitioner to submit the statement within thirty

11 days of the date of the Order and indicated that petitioner's failure to comply with the Order could

12 result in dismissal of this action.

13       On June 7, 2007, the Court received a letter from petitioner dated June 3, 2007. (Dkt. 35.)

14 In that letter, petitioner stated that, because he did not receive the Court's May 3, 2007 order until

15 May 8, 2007, the statement of facts and law was not due until June 8, 2007. He added that the

16 Court may not receive his statement until three to five days after June 8, 2007 given that he is an

17 out-of-state prisoner. On June 15, 2007, the Court received another letter from petitioner and a

18 Brief of Facts and Memorandum of Law (hereinafter "amended petition"), all dated June 6, 2007.

19 (Dkts. 36 & 37.)

20       Respondent submitted a response arguing that the amended petition should be dismissed

21 as untimely filed, which the Court construed as a motion to dismiss. (Dkts. 41 & 42.) Respondent

22 avers that petitioner's amended petition was due by June 4, 2007, given that thirty days from the

REPORT &
RECOMMENDATION
PAGE -2

01 │ May 3, 2007 Order – June 2, 2007 – fell on a Saturday.  Respondent further asserts that, although

02 │ signed on June 6, 2007, petitioner did not put his pleadings in the prison mail system until June

03 │ 13, 2007.  As such, respondent argues, petitioner untimely submitted his amended pleadings nine

04 │ days after the June 4, 2007 deadline.  *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (notice

05 │ of appeal deemed filed on the day that it was signed and delivered to prison authorities for mailing

06 │ to the court).

07 │     As asserted by respondent, under the "prison mailbox rule," pleadings filed by prisoners

08 │ are considered filed the day that the pleading in question is deposited in the prison mail system.

09 │ *Id*.  Petitioner maintains that he put the amended petition in the prison mail system on the same

10 │ day it was dated – June 6, 2007 – and that he should not be held accountable for the prison's

11 │ failure to timely mail the amended petition to the Court.  Respondent asserts that petitioner did

12 │ not place his amended pleading in the prison mail system until June 13, 2007.  However, the only

13 │ support originally provided for this assertion was a copy of a handwritten document with a June

14 │ 13, 2007 date stamp reflecting that petitioner mailed something to this Court and counsel for

15 │ respondent on that date.  (*See* Dkt. 41, Ex. 1.)  Respondent provided no other evidence that this

16 │ document was the "Prison Mail Log" (Dkt. 41 at 3) establishing when petitioner gave his amended

17 │ petition to prison authorities for mailing.  As such, it remained unclear to the Court when

18 │ petitioner gave his amended petition to prison authorities for mailing.  *See*, *e.g.*, *Caldwell v.*

19 │ *Amend*, 30 F.3d 1199, 1202-03 (9th Cir. 1994) (where the prisoner submits an affidavit as to the

20 │ date the documents were submitted to prison authorities, the burden "shifts to the opposing party

21 │ . . . [to] produc[e] evidence in support of a contrary factual finding.")  The Court, therefore,

22 │ directed respondent to provide one or more affidavits and any other relevant documentation

REPORT &
RECOMMENDATION
PAGE -3

01 supporting his contention as to when petitioner delivered his amended petition to prison authorities

02 for filing.  (Dkt. 49.)

03        In response to the Court's Order, respondent submitted a declaration from Carol Samson,

04 the mail room clerk for the Prairie Correctional Facility, and a declaration from Karen Thompson,

05 a legal secretary with the Criminal Justice Division of the Attorney General's Office in Olympia,

06 Washington.  (Dkt. 50.)  Ms. Samson attests that, on June 13, 2007, petitioner requested that

07 packages of privileged correspondence be mailed on his behalf to this Court and to the

08 Washington Attorney General, and that the packages were mailed as of that date.  (*Id.*, Ex. 1.)

09 Ms. Sampson further notes that the last time petitioner had delivered materials to the mail room

10 was on June 5, 2007 and that two packages, to this Court and to the Washington Attorney

11 General, were mailed as of that date.  (*Id.*)  Ms. Thompson attests in her declaration that, on June

12 20, 2007, the Washington Attorney General received petitioner's amended petition, date stamped

13 June 13, 2007.  (*Id.*, Ex. 2. (attaching copy of front side of box, with a date stamp of June 13,

14 2007, in which amended petition materials were received).)  Respondent argues in his response

15 that, because petitioner signed his amended petition and other pleadings on June 6, 2007, those

16 were the only documents he could have delivered to the mail room on June 13, 2007.

17        Given the above, the undersigned concludes that respondent has met his burden of

18 producing evidence contradicting petitioner's contention that he provided his amended petition

19 to prison authorities for mailing on June 6, 2007.  *See Caldwell*, 30 F.3d at 1202-03.  Further, a

20 review of the docket reflects that petitioner's letter dated June 3, 2007, received by this Court on

21 June 7, 2007 (Dkt. 35), likely accounts for the earlier mailing Ms. Sampson attests to on June 5,

22 2007.

REPORT &
RECOMMENDATION
PAGE -4

01        In any event, even without consideration of the prison mailbox rule, the Court agrees with

02  respondent that petitioner's amended petition was untimely filed.  Respondent correctly observes

03  that the thirty-day time period in the Court's May 3, 2007 Order resulted in a June 4, 2007

04  deadline.  *See* Fed. R. Civ. P. 6(a) (where a deadline falls, *inter alia*, on a Saturday, Sunday, or

05  a legal holiday, it is extended to "the end of the next day which is not one of the aforementioned

06  days.")[1]  Therefore, even accepting as true petitioner's claim that he gave his amended petition to

07  prison authorities for filing on June 6, 2007, such a filing came two days too late.  *See*, *e.g.*,

08  *Stillman v. Lamarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (a prisoner cannot benefit from the

09  mailbox rule if he does not "deliver the petition to prison authorities for forwarding to the court

10  within the limitations period.")  Moreover, this belated filing followed several Orders from this

11  Court in which petitioner was afforded generous opportunities of time in which to submit the

12  information necessary for the consideration of his habeas claims.

13        Given petitioner's failure to timely comply with the third Order from this Court requesting

14  a concise statement of facts and law, the Court recommends that petitioner's amended habeas

15  petition be denied and this case dismissed without prejudice.[2]  A proposed Order is attached to this

---

17       [1] Petitioner asserts that the Court did not mail the May 3, 2007 Order until May 5, 2007,
18  attaching in support a copy of an envelope from this Court. (*See* Dkt. 44 at 1 and Dkt. 37, Ex.
    1.) However, the May 5, 2007 date stamp on the envelope appears to come from a United States
    Postal Service facility, rather than this Court. (*See* Dkt. 37, Ex. 1.) Moreover, while a May 4,
19  2007 postage stamp on the envelope may reveal that the Order was mailed on that date, this one
    day difference would not alter the June 4, 2007 deadline, given that thirty days from May 4, 2007
20  was a Sunday. *See* Fed. R. Civ. P. 6(a).

21       [2] The undersigned adds that petitioner's amended habeas petition also arguably did not
    comply with the Court's directive to submit a "concise" statement of facts and law (*see* Dkt. 14
22  at 1, Dkt. 21 at 2, and Dkt. 34 at 2), given that the amended petition totals some forty four pages
    and is accompanied by over 600 pages of exhibits. (*See* Dkt. 37.) Petitioner also seeks to file a

01 Report and Recommendation.

02      DATED this 9th day of October, 2007.

03
                              _____
04                            Mary Alice Theiler
                              United States Magistrate Judge
05

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20 _____

21 Supplemental Memorandum of Law Brief totaling some forty nine pages.  (Dkt. 46.)  The Court
   recommends that this motion to supplement (*id*.), along with several other pending motions filed
22 by petitioner (Dkts. 38-39 & 48), be stricken as moot in light of the recommended dismissal.

REPORT &
RECOMMENDATION
PAGE -6